IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **MELODY ANN TAYLOR,** )<br>)<br>　**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**HAVEN HILL MHP,** )<br>)<br>　**Defendant.** ) | No. 2:21-cv-02492-MSN-atc |

### REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On July 23, 2021, Plaintiff Melody Ann Taylor filed a *pro se* complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Taylor's complaint alleges violations of 42 U.S.C. § 1983, based on Defendant Haven Hill MHP's ("Haven Hill") failure to pay her for work she did as its property manager and maintenance supervisor and for unlawfully evicting her from the premises. (ECF No. 1, at 2.) On August 16, 2021, the Court granted Taylor pauper status. (ECF No. 7.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

### PROPOSED FINDINGS OF FACT

Taylor used a court-provided template for her complaint, which is designed for alleging civil rights violations under 42 U.S.C. § 1983. The following findings of fact are based on the allegations contained therein. Taylor alleges Haven Hill[1] and its owner Michael Kim employed

---

[1] Taylor refers to Defendant as "Haven Hill MHP" in her filings and lists its address as 2554 Hernando, Memphis, Tennessee. (ECF No. 1, at 1; ECF No. 2, at 2.) Though Taylor never

her as property manager and maintenance supervisor. (ECF No. 1, at 2.) She alleges that Kim and Haven Hill did not pay her for the management work she did, apparently in March 2021, or for the maintenance work she did in the last week of that month. (*Id.*) She alleges that Kim and Haven Hill then began illegal eviction proceedings against her in April, apparently from her Haven Hill residence. (*Id.*) She appears to allege that, around the middle of July, Kim and Haven Hill took her belongings out of her residence while she was at a funeral and that, by the time she returned, all of her belongings were gone. (*Id.*) Taylor asserts that she "wants financial compensation for everything I lost. I want to have my life restored to as it was via financial compensation." (*Id.* at 3.)

## PROPOSED CONCLUSIONS OF LAW

**I.     28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the court's direction after the court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

---

explicitly spells it out, "MHP" appears to be an initialism for "Mobile Home Park." The publicly available website for Haven Hill Mobile Home Park lists its address as 2554 Hernando Road, Memphis, TN 38106. *See* https://havenhillmhp.com/. To the extent it is necessary, the Court takes judicial notice that the "Haven Hill MHP" Defendant in Taylor's complaint is Haven Hill Mobile Home Park. *See Energy Automation Sys., Inc. v. Saxton*, 618 F. Supp. 2d 807, 810 n.1 (M.D. Tenn. 2009) ("A court may take judicial notice of the contents of an Internet website.") (citing *City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*, 387 F.3d 468, 472, n.1 (6th Cir. 2004)); *United States v. Torres-Ramos*, 536 F.3d 542, 560 (6th Cir. 2008) (explaining that a court may take judicial notice *sua sponte*) (citing *United States v. Harris*, 331 F.2d 600, 601 (6th Cir. 1964)).

against a defendant who is immune from such relief." This report and recommendation constitutes the Court's screening.

## II.     Standard of Review for Failure to State a Claim

To determine whether Taylor's complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir.

2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

### III.     Taylor's 42 U.S.C. § 1983 Claim

Taylor alleges that Haven Hill violated her civil rights. However, even when construing Taylor's complaint liberally, as the Court must do given her *pro se* status, the complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. As a starting point, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Moldowan v. City of Warren*, 578 F.3d 351, 376 (6th Cir. 2009) (quoting *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)). Section 1983 provides for a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755 (2005) (quoting 42 U.S.C. § 1983).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the 'Constitution and laws' of the United States (2) committed by a person acting under color of state law." *Gooch v. Jones*, No. 1:18-cv-01257-STA-jay, 2019 WL 3069870, at *2 (W.D. Tenn. June 21, 2019), *report and recommendation adopted*, No. 1:18-cv-01257-STA-jay, 2019 WL 3069456 (W.D. Tenn. July 12, 2019) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *see also Ross v. City of Memphis*, 394 F. Supp. 2d 1024, 1035 (W.D. Tenn. 2005). "Suit under § 1983 may be brought against only state actors and cannot be brought against private parties." *Salse v. Phillips*, No. 19-1067-JDT-cgc, 2019 WL 5310213, at *1 (W.D. Tenn. Oct. 18, 2019) (citing *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999)). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)). Ultimately, "to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231–32 (6th Cir. 1997).

It is not clear what specific federal rights Taylor is alleging Haven Hill infringed upon. Generally speaking, wrongful eviction claims arise under state law and are litigated in state courts. *Baldridge v. Indep. Apartments*, No. 16-2293-JDT-dkv, 2016 WL 11479289, at *6 (W.D. Tenn. July 6, 2016), *report and recommendation adopted*, 2016 WL 4006122 (W.D. Tenn. July 26, 2016); *Highview Terrace Apartments v. Abulkhair*, No. CV202383MASTJB, 2021 WL 825472, at *2 (D.N.J. Mar. 4, 2021) ("It is well-settled that a landlord-plaintiff's eviction claim against a tenant-defendant does not establish a federal claim.") (citing *Arora v. Barretta*, No. 19-18051, 2019 WL 5172178, at *1 (D.N.J. Oct. 15, 2019)).

It is possible, although not explicitly alleged, that Taylor is suggesting that Haven Hill's actions were taken in contravention of the eviction moratorium established by the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. 116-136, 134 Stat. 281 (2020). *See Tiger Lily, LLC v. United States Dep't of Hous. & Urb. Dev.*, No. 2:20-cv-02692-MSN-atc, 2021 WL 1171887, at *1 (W.D. Tenn. Mar. 15, 2021), *aff'd*, 5 F.4th 666 (6th Cir. 2021) (explaining that section 4024(b) of the CARES Act "provided for a 120-day eviction moratorium for rental units in properties that participated in federal assistance programs or had a federally backed mortgage or multifamily loans"). Though the Court acknowledges it is treading a fine line between liberally construing Taylor's complaint and creating a claim that she has not spelled out in her pleading, a CARES Act violation could form the basis for a sufficiently stated claim by Taylor that Haven Hill deprived her of her federal rights.

Regardless, however, Taylor has failed to allege that Haven Hill was acting under the color of state law when it evicted her or failed to pay her. There are no allegations in the complaint that would support such a finding. Even if Taylor had alleged that Haven Hill became a state actor through its receipt of federal funds through the government's Section 8 Housing Program—which was established through amendments to the United States Housing Act of 1937—that allegation would have been insufficient to suggest an action taken under the color of state law. *See Baldridge*, 2016 WL 11479289, at *4 ("The Supreme Court has held that private parties are not engaged in state action even if they receive substantial governmental assistance.") (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982)). Though it is possible in some circumstances for private persons to become state actors for claims under § 1983, Taylor's complaint also fails to allege any such scenario. *See Tahfs*, 316 F.3d at 590–91 (explaining that a "private party can fairly be said to be a state actor if (1) the deprivation complained of was

'caused by the exercise of some right or privilege created by the State' and (2) the offending party 'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State'") (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Because Taylor has failed to allege any facts that would satisfy the second element of a § 1983 claim, and that claim provides the sole basis for her complaint, it is recommended that her lawsuit be dismissed in its entirety.

## RECOMMENDATION

For the foregoing reasons, this Court recommends that Taylor's claim against Haven Hill be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Respectfully submitted this 26th day of August, 2021.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.