IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MELODY ANN TAYLOR,

    Plaintiff,

v.                                                          Case No. 2:21-cv-2492-MSN-atc

HAVEN HILL MHP,

    Defendant.

---

### ORDER ADOPTING REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

---

Before the Court is Magistrate Judge Christoff's Report and Recommendation for *Sua Sponte* Dismissal ("Report") (ECF No. 8) entered August 26, 2021. The Report recommends that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. (ECF No. 8 at PageID 19.) Plaintiff timely filed her objection to the Report on September 7, 2021. (ECF No. 9.) For the reasons set forth below, Plaintiff's objection is **OVERRULED**, the Report is **ADOPTED**, and Plaintiff's Complaint is **DISMISSED**.

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

**DISCUSSION**

Plaintiff used the court provided template for her Complaint, which is designed for alleging civil rights violations under 42 U.S.C. § 1983, and thus the Report analyzes Plaintiff's claims pursuant to § 1983. (*See* ECF No. 8 at PageID 16–19.) The Report concludes that Plaintiff failed to allege any facts that would satisfy the second element of a § 1983 claim—that the deprivation of rights was committed by a person acting under color of state law. (*Id.* at PageID 19.) For this reason, the Report recommends that Plaintiff's Complaint be dismissed in its entirety. (*Id.*)

In her objection to the Report, Plaintiff does not make any specific objection or argument about the Report's findings or recommendation. (ECF No. 9 at PageID 20–21.) Plaintiff's objection merely states that she generally objects to the Report and believes her address was purposely changed (but does not specify by whom) to prevent her from learning about Defendant's actions. (*Id.*) Plaintiff also attached documents she wants to present as evidence to support her claims. (*Id.*) According to Plaintiff, the first attachment, which Plaintiff refers to as "Item A," includes the Forcible Entry and Detainer Warrant ("FED") from the Shelby County General Sessions Court (ECF No. 9-1 at PageID 22), the Affidavit of Service for the FED (*id.* at PageID 23), and two notices from the Shelby County General Sessions Court regarding resettings due to Covid-19 (*id.* at PageID 24–25). The second attachment, "Item B," includes a printout that Plaintiff states is the "clerk of court mailing printout." (ECF No. 9-2; ECF No. 9 at PageID 21.) The final attachment, "Item C," includes a list of addresses and property owners at Haven Hill MHP. (ECF No. 9-3; ECF No. 9 at PageID 21.)

The Court has reviewed Plaintiff's Complaint, her objection, and her submitted documents *de novo* and agrees with the analysis and recommendation of Magistrate Judge Christoff.[1] Plaintiff's Complaint fails to allege facts that would satisfy the second element of a § 1983 claim, and neither Plaintiff's general objection nor the documents submitted with her objection cure, or even address, this insufficiency. Thus, Plaintiff's objection is **OVERRULED**, the Report is **ADOPTED**, and Plaintiff's Complaint is **DISMISSED** with prejudice.

Title 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that an appeal would not be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* The same considerations that lead this Court to dismiss Plaintiff's complaint *sua sponte* also compel this Court to conclude that an appeal by Plaintiff would not be taken in good faith.

It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal by Plaintiff in this matter would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

## CONCLUSION

For the reasons set forth above, Plaintiff's objection is **OVERRULED**, the Report is **ADOPTED**, and Plaintiff's Complaint is **DISMISSED** with prejudice.

**IT IS SO ORDERED**, this 26th day of October 2021.

*s/ Mark S. Norris*<br>
MARK S. NORRIS<br>
UNITED STATES DISTRICT JUDGE

---

[1] The Court could have reviewed the Report for clear error because Plaintiff made only a general, non-specific objection to the Report, but the Court nevertheless applied the higher *de novo* standard for its review.